**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BERNARDA GOMEZ

> *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant*.

Civ. Action No. 11-2960 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

On May 24, 2011, plaintiff Bernarda Gomez brought this action to challenge the final decision of the Commissioner of Social Security ("Commissioner") that she was not entitled to disability benefits under Title II or eligible for Supplemental Security Income under Title XVI of the Social Security Act.  The parties filed written submissions pursuant to Local Civ. R. 9.1, and on March 1, 2012, the Court held oral argument.  [*See* D.E. 11, 12, 16.]  At the conclusion of oral argument the Court ruled in plaintiff's favor, and entered an Order on March 6, 2012 reversing the ALJ and directing payment of disability benefits to Gomez.  [D.E. 18.]

Gomez filed a timely motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). [D.E. 19.]  The Commissioner responded by filing a motion for reconsideration of the March 6th Order [D.E. 21] accompanied by a motion to stay the fee application [D.E. 22].

A.  *The Motion for Reconsideration*

The Commissioner seeks that this Court either reconsider its Order of March 6, 2012 pursuant to Local Rule 7.1(i), or alternatively alter or amend the Order pursuant to Federal Rule of Civil Procedure 59(e).  A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion . . . to alter [or] amend a judgment."  *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985).  Consequently, instead of Fed. R. Civ. P. 59, Rule 7.1(i) governs motions for reconsideration filed in the District of New Jersey, and it is under the provisions of Rule 7.1(i) that the Court will address the Commissioner's motion. *Cf. Bryne v. Calastro*, No. 05-068, 2006 WL 2506722, at *1 (D.N.J. Aug. 28, 2006) (Cavanaugh, J.).

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); see also *P. Shoenfeld Asset Mgmt. LLC v. Cendant Corp.,* 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (Walls, J.); *Yurecko v. Port Auth. Trans-Hudson Corp.,* 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (Linares, J.).  Reconsideration of a judgment after its entry is an extraordinary remedy, and motions to reconsider are granted "very sparingly." *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986) (Brotman, J.); *accord Damiano v. Sony Music Entm't, Inc.,* 975 F. Supp. 623, 634 (D.N.J. 1997) (Simandle, J.).

Accordingly, Local Rule 7.1(i) provides that a party filing a motion for reconsideration must file "a brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."  If the motion is properly filed, a court may grant it for one of three reasons: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F.

Supp. 1216, 1220 (D.N.J. 1993) (Lechner, J.) (citing *Weyerhaeuser Corp. v. Koppers Co.,* 771 F.

Supp. 1406, 1419 (D. Md. 1991)); *Carmichael v. Everson,* Civ. No. 03-4787, 2004 WL 1587894,

at *1 (D.N.J. May 21, 2004) (Cavanaugh, J.).  A motion for reconsideration used "to ask the

Court to rethink what it had already thought through—rightly or wrongly," is improper. *Ciba-*

*Geigy Corp. v. Alza Corp.,* Civ. No. 91-5286, 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993)

(Wolin, J.) (citing *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.,* 744 F. Supp. 1311,

1314 (D.N.J. 1990), *rev'd on other grounds*, 989 F.2d 635 (3d Cir. 1993)). "Local Rule 7.1 . . .

does not contemplate simple re-litigation of issues already decided." *Interfaith Community Org.*

*v. PPG*, 702 F. Supp. 2d 295, 317 n.3 (D.N.J. 2010) (Greenaway, J.). *See also In re Gabapentin*

*Patent Litigation*, 432 F. Supp. 2d 461, 463 (D.N.J. 2006) (Lifland, J.) ("Local Rule 7.1(i)

governing reconsideration does not contemplate a recapitulation of arguments considered by the

court before rendering its decision.").  Thus, a party "must show more than a disagreement with

the court's decision." *Panna v. First Trust Savings Bank*, 760 F. Supp. 432, 435 (D.N.J. 1991)

(Brotman, J.).

     The Commissioner fails to make the required showing.  He argues that a remand of all

steps is required as a matter of law to ensure that the Commissioner's decision is based on

substantial evidence. [D.E. 21 at 8.]  This is based on the theory that this Court improperly

concluded that what the ALJ did after Judge Debevoise's remand constituted error because all

five steps had not been reevaluated, and so the Commissioner was unable to fully develop the

record upon which the ALJ's decision at Step 5 was to be based.[1] [*Id.*]  The Commissioner

contends, therefore, that the proper course of action is for this Court to remand for a complete

reevaluation of all five steps.

---

[1] The Commissioner's motion appears to be arguing that this Court erred because Judge Debevoise's prior decision to remand only at Step 5 was an error.  Notably, the Commissioner did not file a motion for reconsideration of Judge Debevoise's prior remand decision.

3

As authority, the Commissioner relies on the important decisions of *Burnett v. Commissioner of Social Security Administration,* 220 F.3d 112 (3d Cir. 2000) and *Thomas v. Commissioner of Social Security Administration*, 625 F.3d 798 (3d Cir. 2010). But this would make the jurisprudence in this case chase its own tail.  First, as Judge Debevoise noted in granting a remand on Step 5 only:

> [C]ontrary to the Commissioner's contention, courts, including the Court of Appeals, regularly remand with instructions to address specific steps. *See e.g., Markel v. Barnhart*, 324 F.3d 182, 183 (3d Cir. 2003)(remanding and "direct[ing] the ALJ to complete Step 3 of the evaluation process"); *Burnett v. Commissioner of Social Sec. Admin.,*  220 F.3d 112, 126 (3d Cir. 2000)(remanding with instructions that the ALJ "fully develop the record and explain his findings at step three"); *Gail v. Commissioner of Social Sec.,* 2008 WL 2704984, at*7 (D.N.J. July 9, 2008)(reversed and remanded for "reexamination of the ALJ's findings at Step 3 and Step 5.").

[D.E. 21, Ex. A.]  Second, opposed to the Commissioner's contentions, *Burnett* stands for the broader proposition that the ALJ should be directed to reopen the matter, develop the record, and make specific findings to prevent *post hoc* rationalizations for prior decisions.  220 F.3d at 126.

In *Thomas,* consistent with the spirit and intent of *Burnett,* the Third Circuit reversed the district court because it had remanded on a single issue (not a full step) and did not direct the ALJ to fully develop the record before rendering a decision.  *Thomas,* 625 F.3d at 800.  As such, the remand "essentially gave the ALJ license to issue an advisory opinion." *Id.*  The court explained that "the purpose of *Burnett* is not to require a formulaic process that must be adhered to on remand, but rather to ensure that the parties have an opportunity to be heard on the remanded issue and prevent *post hoc* rationalization by administrative law judges." *Id.* at 800–01.

When Judge Debevoise ordered a remand on Step 5 he specifically noted that "[i]t is expected that the VE, when he renders his opinion, will hear all of the full record in this

case . . . ." These directions, if followed, serve to prevent the ALJ from issuing an advisory opinion. Notwithstanding, and in what became the basis for this Court's decision in plaintiff's favor, when the ALJ propounded hypotheticals to the vocational expert ("VE"), he inserted a flawed RFC and made negative credibility determinations, in effect "fixing" the deficiencies found by Judge Debevoise by making assumptions not supported by substantial evidence. Under the circumstances, the Commissioner is actually arguing that Step One through Four determinations by the ALJ that led to admittedly flawed denials may now be resurrected to once again deny Gomez benefits.

It is impossible to view the Commissioner's argument for reconsideration as anything other than an effort to get traction for a *post hoc* rationalization for his rulings. Added to the addled rationale is the appearance in the record of hypotheticals posed by Gomez's attorney to the VE that were based on substantial evidence. Based on those hypotheticals, the VE testified that there were no jobs available for Gomez—and so the record definitively establishes disability. In sum, this record not only demonstrates that the Commissioner failed to meet his burden to prove at Step 5 that jobs exist in substantial numbers in the national economy, but that Gomez's examination of the VE established disability. As such, contrary to and far from directing a remand, the Court is required to reverse and order payment of benefits to Gomez. The motion for reconsideration is denied.

     B.  *The Attorney's Fee Application and Motion to Stay*

The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(a) provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for

judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

Gomez has timely filed her motion for fees and provided all the information required by §2412(d)(1)(B).  Because the denial of the Commissioner's motion for reconsideration confirms that Gomez is the prevailing party, Gomez's fee motion is now ripe for decision.   The Commissioner's motion to stay the fee application will be terminated as moot.

C.  *Conclusion*

For the foregoing reasons, the Commissioner's motion for reconsideration is denied and the motion for a stay of the fee application is terminated as moot.  An appropriate order will be entered.


August 7th, 2012                                    /s/ Katharine S. Hayden
                                                   Katharine S. Hayden, U.S.D.J.